UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| EDNA J. SHERWOOD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:11-cv 291 |
| | ) | |
| CREATIVE HAIRDRESSERS, INC. | ) | |
| dba Hair Cuttery | ) | |
| aka The Hair Cuttery, | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Compel the
Deposition of Plaintiff Edna J. Sherwood [DE 14] filed by the
defendant, Creative Hairdressers, Inc., on January 3, 2012, and
the Cross-Motion to Compel Plaintiff's Previous Statement [DE 20]
filed by the plaintiff, Edna J. Sherwood, on January 19, 2012.
For the following reasons, the Motion to Compel the Deposition of
Plaintiff Edna J. Sherwood [DE 14] is **GRANTED,** and the Cross-
Motion to Compel Plaintiff's Previous Statement [DE 20] is
**GRANTED IN PART.**

Background

This matter arises from injuries the plaintiff, Edna J.
Sherwood, sustained during a slip and fall at The Hair Cuttery
salon located in Munster, Indiana, on July 2, 2010.  Upon learn-
ing of the incident, the defendant's insurance carrier, Gallagher
Bassett, obtained a recorded statement from Sherwood.  She later

retained counsel and initiated the present action by filing a complaint on August 12, 2011. Sherwood's counsel requested a copy of the recorded statement Gallagher Bassett took from Sherwood after the incident. Representatives of Gallagher Bassett have refused to provide the statement until after Sherwood's deposition is complete. After some discussion, the parties filed cross-motions to compel. Sherwood demands production of the recorded statement, and The Hair Cuttery has agreed to produce the statement, but only after Sherwood has completed her deposition.

## Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002)(*quoting Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or de-

fenses identified in the pleadings, the information still may be
relevant to the broader subject matter at hand and meet the
rule's good cause standard. ***Borom v. Town of Merrillville***, 2009
WL 1617085, *1 (N.D. Ind. June 8, 2009) (*citing* ***Sanyo Laser***
***Prods., Inc. v. Arista Records, Inc.***, 214 F.R.D. 496, 502 (S.D.
Ind. 2003)). *See also* ***Adams v. Target,*** 2001 WL 987853, *1 (S.D.
Ind. July 30, 2001)("For good cause, the court may order discov-
ery of any matter relevant to the subject matter involved in the
action."); ***Shapo v. Engle,*** 2001 WL 629303, *2 (N.D. Ill. May 25,
2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an
opposing party fails to respond to discovery requests or has
provided evasive or incomplete responses. Federal Rule of Civil
Procedure 37(a)(2)-(3). The burden "rests upon the objecting
party to show why a particular discovery request is improper."
***Gregg v. Local 305 IBEW***, 2009 WL 1325103, *8 (N.D. Ind. May 13,
2009)(*citing* ***Kodish v. Oakbrook Terrace Fire Protection Dist.***,
235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); ***McGrath v. Everest Nat.***
***Ins. Co.***, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal
citations omitted); ***Carlson Restaurants Worldwide, Inc. v.***
***Hammond Professional Cleaning Services***, 2009 WL 692224, *5 (N.D.
Ind. March 12, 2009)(internal citations omitted). The objecting
party must show with specificity that the request is improper.

*Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(*citing* **Graham v. Casey's General Stores**, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." **Cunningham**, 255 F.R.D. at 478 (*citing* **Burkybile v. Mitsubishi Motors Corp.**, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." **Berning v. UAW Local 2209**, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(examining **Patterson v. Avery Dennison Corp.**, 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted).

Similarly, a party may move for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Rule 26(c)(1). The party requesting the protective order carries the burden of demonstrating good cause and can satisfy that burden by showing

4

an adequate reason for the order. 8 Charles Alan Wright & Arthur

R. Miller, *Federal Practice and Procedure* §2035 (3d ed. 1998).

*See also **Gregg***, 2009 WL 1325103 at *8 ("The burden rests upon the

objecting party to show why a particular discovery request is

improper.") (*citing **Kodish***, 235 F.R.D. at 449-50; ***McGrath***, 2009

WL 1325405 at *3; ***Carlson Restaurants***, 2009 WL 692224 at *5).

Specific factual demonstrations are required to establish that a

particular discovery request is improper and that good cause

exists for issuing the order. *See **Felling v. Knight***, 211 F.R.D.

552, 554 (S.D. Ind. 2003) ("To establish good cause a party must

submit 'a particular and specific demonstration of fact, as

distinguished from stereotyped and conclusory statements.'")

(*quoting **Wilson v. Olathe Bank***, 184 F.R.D. 395, 397 (D. Kan.

1999)) (*quoting **Gulf Oil Co. v. Bernard***, 452 U.S. 89, 102 n.16,

101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)). *See also **Harrisonville

Telephone Co. v. Ill. Commerce Comm'n***, 472 F.Supp.2d 1071, 1078

(S.D. Ill. 2006) (stating that in order to establish good cause,

the movant must rely on particular and specific demonstrations of

fact, rather than conclusory statements).

Rule 26(b)(3)(c) states that "Any party or other person may,

on request and without the required showing, obtain the person's

own previous statement about the action or its subject matter."

However, the rules do not provide for the sequence of discovery.

*See* Rule 26(d)(2). Discovery may be taken in any sequence, and discovery by one party does not require any other party to delay its discovery. Rule 26(d)(2)(A)-(B).

Many courts have delayed the production of a party's prior statement until after that party's deposition has been taken. *See* 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2027 (3d ed. 1998); **Smith v. Central Linen Service**, 39 F.R.D. 15, 18 (D. Md. 1966); **McCoy v. General Motors Corp.**, 33 F.R.D. 354, 355 (W.D. Pa. 1963). Delaying production eliminates the risk that the party will conform her deposition testimony to accord with her previously recorded statement. **See Torres—Paulett v. Tradition Mariner, Inc**., 157 F.R.D. 487, 489 (S.D. Cal. 1994). However, the party seeking to defer production must show good cause to justify a protective order. *See* **Rofail v. United States**, 227 F.R.D. 53, 56 (E.D. N.Y. 2005) (explaining that the defendant did not show good cause to justify a protective order of the plaintiff's pre-recorded statement). The court will weigh the defendant's interest in obtaining deposition testimony based on the plaintiff's personal knowledge, rather than review of a pre-recorded statement, against the plaintiff's desire to resolve discrepancies between the pre-recorded statement and her deposition*. See* **Torres-Paulett**, 157 F.R.D. at 489. Most courts have resolved this dispute by ordering production of

6

the pre-recorded statement after the plaintiff's deposition has

been taken.  *See **Miles v. M/V Mississippi Queen,*** 753 F.2d 1349,

1351 (5th Cir. 1985); ***Smith,*** 39 F.R.D. at 18; ***McCoy,*** 33 F.R.D. at

355.

Compelling production of Sherwood's statement prior to her

deposition would pose the risk that her testimony would be

modified to conform to her recorded statement.  The Hair Cuttery

has an interest in obtaining Sherwood's unaltered testimony and

in using Sherwood's prior statement as an impeachment mechanism.

*See **Torres-Paulett**,* 157 F.R.D. at 489 (explaining that producing

a pre-recorded statement after the deposition preserves the

defendant's interest in obtaining a deposition based on the

plaintiff's personal memory and knowledge and gives the plaintiff

ample opportunity to explain inaccuracies and discrepancies in

his present and past account of the accident).  It is a better

solution to delay production of the prior statement to eliminate

these risks.  *See* 8 Wright & Miller *Federal Practice and Proce-*

*dure* §2015.  Although the burden ultimately is on The Hair Cut-

tery to show that the statement should not be produced until

after Sherwood's deposition, it is not apparent what benefit

producing the statement prior to her deposition would have beyond

permitting Sherwood to refresh her recollection of the incident.

To eliminate this risk, the court **GRANTS** the Motion to Compel the

Deposition of Plaintiff Edna J. Sherwood [DE 14] filed by the

defendant, Creative Hairdressers, Inc., on January 3, 2012.

Sherwood is **DIRECTED** to submit to a deposition.  The Hair Cuttery

need not produce Sherwood's recorded statement until after the

direct examination of Sherwood is completed.  Therefore, the

Cross-Motion to Compel Plaintiff's Previous Statement [DE 20]

filed by the plaintiff, Edna J. Sherwood, on January 19, 2012, is

**GRANTED IN PART.**

     ENTERED this 1st day of May, 2012

                         s/ ANDREW P. RODOVICH
                           United States Magistrate Judge